```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

Olandio Ray Workman;                )  C/A No. 6:10-00206-RBH-WMC
Loretta Diane Workman,              )
                                    )
                    Plaintiffs,     )
                                    )
vs.                                 )
                                    )
Susan Goforth;                      )  **Report and Recommendation**
Linda Goforth;                      )
Dexter Jolley;                      )
Crystal Jolley; and                 )
David Jolley,                       )
                                    )
                    Defendants.     )
_____)

The Plaintiffs, Olandio Ray Workman and Loretta Diane Workman (Plaintiffs), proceeding *pro se*, bring this action, seeking monetary damages, against Plaintiffs' former landlord, Defendant Susan Goforth. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **Background**

Plaintiffs indicate that they were displaced from their home due to a fire. On November 3rd, Plaintiffs viewed a residence in Greenville, South Carolina, being offered for

rent by Defendant Susan Goforth.[1] Plaintiffs pointed out various problems with the rental home, which Defendant Susan Goforth stated would be cleaned or repaired by the date Plaintiffs moved into the residence. On November 6th, Plaintiffs moved into the rental home, and were informed that the property had no water, heat, or air conditioning due to a theft of copper piping from the residence. Defendant Susan Goforth allegedly said that the water pipes would be replaced, and the heating/air conditioning unit would be repaired, by November 9th. The complaint also states that none of the cleaning or repairs to the rental home, promised by Defendant Susan Goforth on November 3rd, had been completed by the time Plaintiffs took possession of the property.

Plaintiffs remained in the rental home, without water, heat, or air-conditioning, until November 13th. Plaintiffs moved out on that date and next heard from Defendant Susan Goforth on November 15th, at which time Plaintiffs requested a return of their money. Plaintiffs state that Defendant Susan Goforth instructed them to leave the keys to the rental property with a neighbor, which they did on November 16th. Plaintiffs claim they received a threatening phone call from someone identified as "Johnny" on November 17th, regarding the rental property. Plaintiffs also allege that Defendant Susan Goforth made untruthful statements about the Plaintiffs to their insurance company and the Red Cross, which provided financial assistance to the Plaintiffs after their home burned.

Plaintiffs seek a return of the money received by Defendant Susan Goforth for the rental property. Plaintiffs also seek monetary damages in the amount of thirteen thousand dollars ($13,000) for Defendant Susan Goforth's actions, and request a restraining order

---

[1] Although it is not clear from the pleadings, it appears Plaintiffs are referring to events which transpired in 2009.

against all Defendants. Plaintiffs further ask for placement of a lien against the Defendants' properties. Plaintiff provides no factual information in the body of the complaint regarding Defendants Linda Goforth, Dexter Jolley, Crystal Jolley, or David Jolley.

## Discussion

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in the pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a

4

jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). While the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. As discussed below, the allegations contained in the Plaintiffs' complaint do not fall within the scope of either form of this Court's limited jurisdiction.

First, the complaint provides no basis for a finding of diversity jurisdiction over this action. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The Court has no diversity jurisdiction over this case because, according to the Plaintiffs' pleadings, all parties are residents of South Carolina.

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331. Plaintiffs' allegations do not contain any reference to an alleged violation of a federal statute or constitutional provision by the Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the complaint. Instead, Plaintiffs sue Defendant Susan Goforth for defamation of character and failure to return rental money received from the Plaintiffs. Although defamation and landlord/tenant claims are actionable under South Carolina law, this Court has no jurisdiction over the parties absent diversity or pendant jurisdiction.[2]

Additionally, Plaintiffs appear to be suing private individuals. However, purely private conduct, such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Plaintiffs do not cite to either 42 U.S.C. § 1983[3] or the Fourteenth Amendment in the complaint, nor do they claim that the Defendants have violated their constitutional rights. However, even had Plaintiffs included such allegations, they would not establish "federal question" jurisdiction over this case, because there are no additional allegations of "state action" in connection with the Defendants' actions. In the absence of

---

[2] Federal courts may hear and decide state-law claims along with federal-law claims under "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schact*, 524 U.S. 381, 387 (1998). However, as Plaintiffs' complaint contains no federal claims, the Court lacks jurisdiction to hear any state-law claims that may be found in the complaint.

[3] In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for the Defendants.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiffs' attention is directed to the important notice on the next page.

February 2, 2010                                             s/William M. Catoe
Greenville, South Carolina                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).